ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *ex rel.* RAILROAD COMMISSION, *Defendant in Error*.

Division B.

Opinion Filed July 8, 1927.

Petition for Rehearing Denied October 14, 1927.

*W. E. Kay* and *Akerman & Crawford,* for plaintiff in Error;

*Fred H. Davis,* for defendant in Error.

*W. E. Kay, Akerman* and *Crawford,* for Plaintiff in Error;

*Fred H. Davis,* for Defendant in Error.

WHITFIELD, P. J.—The declaration herein filed for the State of Florida alleges that prior to the institution of this action the railroad company was charged by the Rail-

road Commission of the State with having violated Rule No. 24, Section 3, Rules and Regulations of the Railroad Commissioners, in that the corporation during the month of September, 1924, closed, abolished and removed its depot at Beresford, Florida, without authority granted by the Railroad Commissioners as appears by the order made a part of the declaration; that after notice and hearing, the Railroad Commissioners adjudged the railroad company guilty of disregard and violation of said rule in that it closed, abolished and removed its depot at Beresford, Florida, without first having secured permission so to do from the Railroad Commissioners as provided by said rule, and thereupon the Railroad Commissioners duly fixed and imposed upon the railroad company a penalty in the sum of one thousand dollars; that by reason of the premises and by the force and effect of the statute, the railroad company has become liable to pay the State Treasurer the sum of one thousand dollars with interest, yet the railroad company has not paid, but fails and refuses to pay, wherefore this action is brought, and claims damages in $2,000.00. The order of the Railroad Commissioners finds that the railroad is guilty of disregard or violation of Rule 24, Section 3, in that it closed, abolished and removed its depot at Beresford, Florida, without first having procured permission so to do from the Railroad Commissioners, and orders that the railroad company has thereby incurred a penalty for such violation, which is affixed and imposed in the sum of $1,000.00, which sum the railroad company is required to promptly pay to the State Treasurer.

Pleas of never was indebted, *nul tiel* record and not guilty were eliminated. A plea numbered 4 denies that during the month of Septmber, 1924, or at any other time, it closed, abolished and removed its depot at Beresford, Florida. An amended 5th plea ''denies that during the

month of September, 1924, or at any other time, it closed, abolished and removed its depot at Beresford, Florida, as in said declaration alleged, but avers that at all times in said declaration alleged it had and now has a depot structure at said Beresford. That the said Beresford was on the first day of September, A. D. 1924, and prior thereto, and now is what is known as a 'flag station' on the line of railroad of this defendant; that on the 1st day of September, 1924, the depot structure of the defendant maintained at said point consisted of a store-room, two waiting rooms and an office room; that on or about the first day of September, 1924, this defendant determined that the said structure was larger than required to accommodate the business at said point and thereupon this defendant remodeled the said structure by removing portions thereof, leaving remaining on said site a covered platform of the dimensions of 15x22 feet, and that the defendant has at all times maintained said structure as remodeled and now continues so to do, and that the said Beresford during all the times hereinbefore mentioned received and now receives the same character of service, to-wit: service as a flag station on the line of this defendant.'' A sixth plea ''denies that during the month of September, 1924, or at any other time, it closed, abolished and removed its depot at Beresford, Florida, as in said declaration alleged, but avers that at all times in said declaration alleged, it had and now has a depot structure at said Beresford. That the said Beresford was on the 1st day of September, A. D. 1924, and prior thereto, and now is what is known as a flag station on the line of railroad of this defendant, that on or about the 1st day of September, A. D. 1924, the depot structure maintained by the defendant at said point consisted of a store-room, two waiting rooms and an office room; that on or about the 1st day of September, 1924,

this defendant determined that the said depot structure was larger than required to accommodate the business at said point and thereupon this defendant remodeled the said structure by removing portions thereof, and at the same time and coincident with such removal erecting in place of the structures theretofore existing, and upon the site occupied therby, a covered platform of the dimensions of 15x22 feet; and that the defendant has at all times maintained said structure as remodeled and now continues so to do; and that said Beresford was during all the times hereinfore mentioned and now is a flag station on the line of railroad of this defendant and receives the same character of service which it had received prior to the 1st day of September, A. D. 1924.''

A demurrer to the pleas was sustained and judgment rendered for the State. The defendant company took writ of error.

The statute provides for imposing a fine for a violation or disregard of any rule or regulation prescribed by the Railroad Commission, and also that in such cases as this, ''The declaration shall be deemed sufficient if it recites fully or sets forth the said order in which suit is brought, with an averment that the defendant is indebted to the plaintiff thereon in the amount of the penalty imposed with interest as aforesaid. In such cases there shall be no general issues, but the plea or pleas shall specifically set forth the particular defense or defenses to the action; and no defense which existed prior to the day of hearing before the commissioners, and which was not made before them, shall be permitted the action. The fact of the fixing and imposing of such fine by the commissioners shall constitute *prima facie* evidence of everything necessary to create the liability or require the payment of the fine or penalty as fixed and imposed, and to authorize a recovery thereon in any

action or proceedings brought by the commissioners.'' Sec. 4645, Rev. Gen. Stats. 1920.

The rule provides that ''each and every depot or station agency on the line of the road now maintained, conducted or used in Florida by any railroad or express company in this State for the transaction of business with the public is hereby formally established and located at the point and on the premises where the same is now being so maintained and conducted. No such depot or station agency as aforesaid now established, or hereafter to be established, pursuant to order made by the Railroad Commission of Florida, or voluntarily by such company, shall be closed, removed or suspended or abolished without authority granted by this Commission upon written application.'' Rule 24.

Where a statute authorizes penalties to be imposed for violations of an administrative rule, the authority should be strictly construed and should not be extended beyond the clear and certain intent and scope of the rule alleged to be violated.

The rule is confined to closing, removing, suspending or abolishing a ''depot or station agency'' which clearly relates to a discontinuance of the service at the point or depot site, and does not clearly relate to a change in the nature and extent of the structure in which the service is rendered. If the change in the structure at the depot renders it inadequate, the Railroad Commissioners have authority to make appropriate orders requiring adequate facilities to be furnished.

The declaration shows that the penalty here sought to be recovered was imposed upon a finding that the railroad company closed, abolished and removed its depot at Beresford, Florida, without permission from the Railroad Commissioners, and the fourth plea denies that the railroad company ''closed, abolished and removed its depot at

Beresford, Florida.'' Such plea specifically states a particular defense that goes to the merits of the cause.

The demurrer to the fourth plea should have been overruled even if it was properly sustained as to the fifth and sixth pleas as being argumentative.

Reversed.

TERRELL, AND BUFORD J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.

ON PETITION FOR REHEARING.

PER CURIAM.—Under the statute the imposition of a fine by the Railroad Commissioners for a violation of a Railroad Commission rule or order by a railroad company, constitutes *prima facie* a liability in an action brought by the commission in the name of the State to recover the fine imposed. Sec. 4645, Rev. Gen. Stats. The statute also provides that every rule, regulation, schedule or order made by the Railroad Commissioners ''shall be deemed and held to be within their jurisdiction and powers and to be reasonable and just and such as ought to have been made in the premises and to have been properly made and arrived at in due form of procedure and such as can and ought to be executed, unless the contrary plainly appears on the face thereof or be made to appear by clear and satisfactory evidence, and shall not be set aside or held invalid unless the contrary so appears.'' Sec. 4618, Par. 13.

The statute does not purport to give to an order of the Railroad Commission imposing a fine for violation of a rule or order of the commission, the effect of a judgment or decree of a court, but it expressly provides for a judicial

action to recover a fine so imposed. Under the statute the declaration states the order imposing a fine, with an averment that the defendant is indebted to the plaintiff State in the amount of the penalty imposed with interest. The statute provides that there shall be no "general issues," but the pleas shall specifically set forth the particular defenses to the action; and no defense which existed prior to the day of hearing before the commissioners, and which was not made before them, shall be permitted in the action. This contemplates a judicial trial of issues made on particular defenses that were presented at the hearing before the commissioners or on other permissible issues, to determine the validity of the order imposing the fine.

The declaration alleges that the defendant company was charged by the Railroad Commissioners with having violated Rule No. 24, Section 3, Rules and Regulations of the Railroad Commissioners, in that the defendant company in September, 1924, "abolished and removed its depot at Beresford, Florida, without authority granted by said Railroad Commissioners;" that on notice and hearing the commission adjudged that the defendant company in September, 1924, "closed, abolished and removed its depot at Beresford, Florida, without first having secured permission so to do from the Railroad Commissioners" as provided by said Rule, and therefore imposed the fine under the statute, which is section 4645, Revised General Statutes. Exhibit "B" made a part of the declaration states that at the hearing before the Railroad Commissioners, the defendant company in its response, set up among other defenses the following:

"(b) That the Atlantic Coast Line Railroad Company denies it has done any act in connection with the situation at Beresford, Florida, in any way infringing upon the provisions of Section 4645, of the Revised General Statutes, of the State of Florida." The defendant company's fourth

plea "denies that during the month of September, 1924, or at any other time, that it closed, abolished and removed its depot at Beresford, Florida." In view of the statutory burden cast upon the defendant company to make it "appear by clear and satisfactory evidence," that the order imposing the fine that is sued on, is not "such as ought to have been made in the premises," and in view of the allegations of the declaration, the fourth plea was in effect an averment that the defendant company had not during the month of September, 1924, or at any other time, closed, abolished and removed its depot at Beresford, Florida, as alleged by the commissioners at the hearing. This is not a "general issue," but is a specific averment of a particular defense to the action, and is in accord with one of the defenses that the plaintiff alleges was interposed by the defendant at the hearing before the Railroad Commission. "The particular defense" that is "specifically set forth" in the plea negatives an essential element to the validity of the order imposing the fine that is sued on. If the defendant company had not "closed, abolished and removed its depot at Beresford, Florida," as alleged, it had a right to so "make it to appear by clear and satisfactory evidence;" and as a predicate for the proof the plea has "specifically set forth the particular defense to the action," that is brought to recover the fine imposed.

The demurrer admits the averments of the plea and such admission for the purposes of the pleading is sufficient to make it appear that the order imposing the fine was not "such as ought to have been made in the premises" and was not "properly made and arrived at in due form of procedure." Clearly the demurrer to the fourth plea should have been overruled.

Rehearing denied.

Whitfield, P. J., and Terrell and Buford, J. J., concur.

Ellis, C. J., and Strum and Brown, J. J., concur in the opinion.